IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GAYLE HENDERSON,<br><br>                    Plaintiffs,<br><br>v.<br><br>WELLS FARGO HOME MORTGAGE,<br>INC. and WELLS FARGO BANK, N.A.,<br><br>                    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS<br><br><br><br>Case No. 2:16-CV-851 TS<br><br>District Judge Ted Stewart |

This matter is before the court on Defendants' Motion to Dismiss.  For the reasons discussed below, the court will grant Defendants' Motion.

## I. BACKGROUND

In October 2007, Plaintiff Gayle Henderson took out a mortgage with Wells Fargo Home Mortgage, Inc.  It was a Stated Income loan, which means Plaintiff was only required to verify employment; he was not required to verify income.  Defendants had previously refinanced a loan for Plaintiff, and at the time of refinancing they had access to information regarding his income. Plaintiff has subsequently had difficulty maintaining his mortgage payments, and the home has lost value.  It is unclear from the Complaint whether Plaintiff was never in a financial situation to repay the loan or whether he became unable to repay his loan during the nationwide financial crisis.  During the financial crisis, Plaintiff's employment was reduced and he lost household income.  He faced increased interest, longer loan payoff times, higher principal balances, damage to his credit score, additional income tax liability, and costs and expenses incurred to prevent or fight foreclosures.  He also suffered from severe depression and was prescribed antidepressant medication.

Plaintiff sent a letter of hardship and his complete financial file to Defendants in early 2016, seeking a modification of his loan.  Defendants responded with letters indicating that they were investigating the matter and would respond promptly.  Defendants did not respond to Plaintiff's inquiries regarding the status of his modification request in a timely manner, or they ignored his responses.  Defendants repeatedly requested piecemeal or duplicative paperwork, failed to accurately assess Plaintiff's LTV ratio, and made erroneous assessments of Plaintiff's cash reserves.  Defendants denied Plaintiff's modification request, providing contradictory reasons for doing so.  Defendants did not engage in meaningful discussion with Plaintiff regarding a modification until he fell behind in his mortgage.  Defendants also indicated that Plaintiff's credit would not be affected by the request for modification.  However, Plaintiff's credit was damaged.

On May 27, 2016, Plaintiff filed a Complaint *pro se* against Defendants for (1) fraud, deceit, and negligent misrepresentation; (2) negligence; (3) injunctive relief; (4) reformation of contracts; and (5) breach of the implied covenant of good faith and fair dealing in the Fourth Judicial District Court, Salt Lake County, Utah.  On August 1, 2016, Defendants removed the case to this Court.  On August 8, 2016, Defendants filed a 12(b)(6) Motion to Dismiss.  On September 7, 2016, Plaintiff filed a Motion for Relief from Order of Dismissal, a Response to Defendants' Motion to Dismiss, and a Proposed Order.  On September 19, 2016, Defendants filed a Reply Memorandum in support of their Motion to Dismiss.

## II. STANDARD OF REVIEW

On a 12(b)(6) Motion to Dismiss, the court "must accept as true all of the allegations contained in a complaint."[1]  Plaintiff must "state a claim for relief that is plausible on its face."[2]

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Facial plausibility involves "more than a sheer possibility that a defendant has acted unlawfully" and requires "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[3]  The Court must view reasonable inferences in favor of the nonmoving party, and a Motion to Dismiss "may be granted only if it appears beyond a doubt that the plaintiff is unable to prove any set of facts entitling her to relief under her theory of recovery."[4]  However, a court is not required to accept conclusory allegations as true.[5]

### III. DISCUSSION

A. Sufficiency of Pleadings

Defendants' Motion to Dismiss is granted because Plaintiff did not sufficiently plead his allegations.  Taking all of Plaintiff's allegations as true, Plaintiff did not state a plausible claim for relief because his allegations were conclusory for negligence, reformation, and breach.  In addition, Plaintiff did not meet the enhanced pleading standard for fraud under Rule 9(b).  Because Plaintiff did not plead appropriately and a declaration would not resolve questions regarding Plaintiff and Defendants' legal relationship, Plaintiff's request for injunctive or declaratory relief is denied.

1. Pleadings for Negligence, Reformation, and Breach

Plaintiff's second, fourth, and fifth causes of action fail under the *Twombly/Iqbal* pleading standard because Plaintiff's allegations are conclusory.  Allegations are conclusory if

---

[2] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[3] *Iqbal*, 556 U.S. at 678.

[4] *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[5] *Iqbal*, 556 U.S. at 681.

they are no "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[6]   In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[7]

In *Ambuehl v. Aegis Wholesale*, the Tenth Circuit held that mortgagers failed to state a claim on which relief could be granted.[8]   The mortgagers in that case claimed that although they signed the mortgage loan, they did not know that their loan could be administered by a third party.[9]   They sought rescission of the contract based on a unilateral misunderstanding.[10]   They alleged that "they did not understand they were entering a 'new and different world of high finance' in which loans were not serviced by the lender but by loan servicing companies."[11]   The Tenth Circuit affirmed the district court's dismissal, holding that "Plaintiffs fail[ed] to allege any facts, or articulate any legal basis" on which relief could be granted.[12]   The court reasoned that because there was "no factual basis" for their claims, they had not alleged a plausible claim for relief.[13]

Here, because Plaintiff alleges only conclusory facts, he has not stated a claim that entitles him to relief.  Like the mortgagers in *Ambuehl*, Plaintiff claims he did not understand the

---

[6] *Id.* at 678.

[7] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (2007).

[8] 555 F. App'x. 817, 819 (10th Cir. 2014).

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.* at 820.

[13] *Id.*

terms of his loan.  However, also like the mortgagers in *Ambuehl*, Plaintiff has not stated any

facts to support his claims that Defendants breached a duty they had to him, that there was no

mutual understanding regarding the terms of the contract, or that Defendants were not truthful

with him during the loan modification process.  In addition, Plaintiff pleads contradictory

conclusory facts on several instances.  For example, Plaintiff claims both that Defendants did not

respond to or ignored his requests for information regarding his loan modification, and that

Defendants responded to his requests with misleading information.  One of Plaintiff's central

contentions is that Defendants knew he would be unable to repay the loan.  He claims that

Defendants were aware of his income and capacity to pay, but he also alleges that the loan was

predatory because it did not require income verification.  Therefore, Plaintiff has not stated a

claim on which relief could be granted.

> 2. Rule 9(b) pleading for fraud, deceit, and negligent misrepresentation

Plaintiff does not plead his claim for fraud, deceit, and negligent misrepresentation with

the level of specificity required by either Rule 8 or Rule 9.  Plaintiff alleges that Defendants

either knew that he could not repay the loan or knew the loan was based on an inaccurate and

inflated appraisal, or both.  Additionally he alleges that Defendants may have inflated his income

figures to allow him to qualify for the loan amount.

Under Rule 9(b), when "alleging fraud or mistake, a party must state with particularity

the circumstances constituting fraud or mistake."[14]   The Tenth Circuit has held that "[a]t a

---

[14] Fed. R. Civ. Pro. 9(b).  On its face, Rule 9(b) applies to claims of fraud or mistake.  It also applies to negligent misrepresentation claims where "the inadequate fraud claim is so intertwined with the negligent misrepresentation claim that it is not possible to describe a simple redaction that removes the fraud claim while leaving behind a viable negligent misrepresentation claim."  *American Realty Trust, Inc. v. Travelers Cas. and Sur. Co. of America*, 362 F.Supp.2d 744, 752 (5th Cir. 2005).  Here, Plaintiff has not differentiated between his fraud and negligent misrepresentation claims, so Rule 9(b) applies.

minimum, Rule 9(b) requires that a plaintiff set forth the who, what, when, where and how of the alleged fraud and must set forth the time, place, and contents of the false representation."[15]   In *Jensen v. America's Wholesale Lender*, homeowners stated a claim for fraud against their lender when they were unable to pay their mortgage, alleging that the lender made false and misleading statements by failing to properly credit mortgage assessments or calculate interest charges.[16] The court held that this was not sufficient to sustain a claim for fraud because it failed under the *Twombly/Iqbal* pleading standard.  The court reasoned that "these are the type of unadorned, the-defendant-unlawfully-harmed-me accusation[s] . . . rejected by the Supreme Court [in *Iqbal*]."[17] The court also held that these allegations failed under the heightened pleading standard for Rule 9(b) because they did not address the who, what, when, where, and how of the alleged fraud.[18] The court reasoned that the homeowners "simply speculate that defendants and/or their agents collectively engaged in various instances of wrongdoing that eventually culminated in the foreclosure of their home."[19]

Here, Plaintiff does not allege specific facts to meet the pleading standard for fraud.  Like the homeowners in *Jensen*, Plaintiff makes conclusory allegations that Defendants made false and misleading statements about the terms of the mortgage without factual support.  Plaintiff alleges who defrauded him—Defendants—but not specifically when, where, or how.  Therefore, the pleadings were not sufficient under Rule 9(b).

3. Injunctive/Declaratory relief under 28 U.S.C. § 2201

---

[15] *U.S. ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726–727 (10th Cir. 2006).

[16] *Jensen v. America's Wholesale Lender*, 426 F. App'x. 761, 763 (10th Cir. 2011).

[17] *Id.*

[18] *Id.*

[19] *Id.*

Plaintiff's third cause of action is for injunctive relief, however Defendants have contended that this claim appears to seek declaratory, rather than injunctive, relief.  According to the Declaratory Judgment Act, a court may "upon the filing of an appropriate pleading . . . declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."[20]

Whether to grant declaratory relief is a matter within the discretion of the court.  "[T]he existence of a 'case' in the constitutional sense does not confer upon a litigant an absolute right to a declaratory judgment."[21]  Under the Declaratory Judgment Act, federal courts have the "competence to make a declaration of rights; it did not impose a duty to do so."[22]  When assessing a request for declaratory relief, this court should consider the Tenth Circuit's *Brillhart/Mhoon* factors, namely whether "a declaration of rights, under the circumstances, serve to clarify or settle legal relations in issue" and whether "it [will] terminate or afford relief from the uncertainty giving rise to the proceeding."[23]  "If an affirmative answer can be had to both questions, the trial court should hear the case; if not, it should decline to do so."[24]  Further, the Tenth Circuit has held that where a Plaintiff's "substantive claims have failed, his request for declaratory relief in relations to those claims is not viable."[25]

Here, Plaintiff is not entitled to declaratory relief because a declaration would not clarify or settle the legal relationship between Plaintiff and Defendants, nor would it provide relief from

---

[20] 28 U.S.C. § 2201.

[21] *Kunkle v. Cont'l Cas. Co.*, 866 F.2d 1269, 1273 (10th Cir. 1989) (citing *Green v. Mansour*, 474 U.S. 64, 72 (1985)).

[22] *Id.* (citations omitted).

[23] *State Farm Fire and Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994).

[24] *Id.*

[25] *Long v. Wells Fargo Bank, N.A.*, No. 2:14-CV-00463-DN, 2016 WL 6803706, *4 (10th Cir. Nov. 17, 2016).

the uncertainty that gave rise to his Complaint.  Plaintiff is aware of his legal relationship with Defendants.  Plaintiff affirms that he is subject to the terms of the mortgage contract and cites this obligation as one of the causes of his harm.  He seeks relief from the contract, alleging that it is not valid for several reasons, but at no point does he allege that there is uncertainty regarding his legal relationship with Defendants.  Since there is no uncertainty regarding the legal relationship, a declaration of the legal relationship between Plaintiff and Defendants would not resolve the issues in the Complaint.  Rather, Plaintiff seeks relief from the relationship he acknowledges that he has in his Complaint.  In addition, because Plaintiff's substantive claims have failed, he is not entitled to declaratory relief.

B. Statute of Limitations

Even were the Court to generously construe the Plaintiff's allegations as sufficiently pled, most of the Plaintiff's claims are time-barred through statutes of limitations.  The statute of limitations on the first claim, fraud, is three years.[26]  The statute of limitations on the second claim, negligence, is four years.[27]  The statute of limitations on both of the contacts claims is six years.[28]  All of Plaintiff's allegations regarding the original mortgage contract, finalized in October 2007, were almost nine years old when Plaintiff filed his Complaint.

Plaintiff argues that the statute of limitations should be tolled because Defendants continually, knowingly, and actively concealed the facts, and there was an ongoing violation. "As a general rule, a statute of limitations begins to run 'upon the happening of the last event

---

[26] Utah Code Ann. § 78B-2-305 (West 2016).

[27] Utah Code Ann. § 78B-2-307.

[28] Utah Code Ann. § 78B-2-309.

necessary to complete the cause of action.'"[29]   "Once a statute has begun to run, a plaintiff must file his or her claim before the limitations period expires or the claim will be barred."[30] Here, the statutes of limitations should not be tolled because the violations were not ongoing. Each of the claims regarding the original mortgage loan referred to the negotiation and signing of the mortgage contract, which is the last event necessary to complete the cause of action.  In addition, the fact that Plaintiff sought modification of the mortgage does not toll the statute of limitations, but rather presents a separate set of facts on which Plaintiff's claims are not time-barred.  As discussed above, the claims based on the more recent set of facts fail because they are insufficiently pled.

In the alternative, Plaintiff claims that Defendants should be estopped from relying on statutes of limitations because Defendants did not honor the duty of full and fair disclosure.  It is unclear what facts Defendants failed to disclose.  As with Plaintiff's other claims, this is not sufficiently specific for pleading.

C. Dismissal with prejudice

Defendants have requested that this case be dismissed with prejudice.  Generally, the Court will not dismiss a case with prejudice when the nonmoving party is *pro se.*[31]  In this case, however, the case will be dismissed with prejudice because it would be futile to allow Plaintiff to amend.

---

[29] *Russell Packard Dev., Inc. v. Carson*, 108 P.3d 741 (Utah 2005) (quoting *Myers v. McDonald*, 635 P.2d 84, 86 (Utah 1981)).

[30] *Id.*

[31] The Supreme Court has noted that it holds "the allegations of [a] pro se complaint . . . to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Dismissal with prejudice is appropriate here because no amendment could cure Plaintiff's defect.  In *Brereton v. Bountiful City Corp.*, the Tenth Circuit held that a district court may dismiss with prejudice under a 12(b)(6) dismissal "when it would be futile to allow the plaintiff an opportunity to amend his complaint."[32]  The court reasoned that "[w]here a complaint fails to state a claim, and no amendment could cure the defect," dismissal with prejudice may be appropriate.

Here, amendment could not cure the defect in Plaintiff's Complaint.  Other than the dates provided for when Plaintiff entered into a mortgage contract with Defendants and when Plaintiff sought to modify the mortgage, all of Plaintiff's allegations are conclusory.  While Plaintiff could have included more specific facts in his reply to Defendants' Motion to Dismiss, he did not do so.  In addition, the vague and sometimes contradictory nature of Plaintiff's allegations implies that there are no further facts he can allege.  Therefore, an opportunity to amend would be futile in this situation.  For these reasons, the case is dismissed with prejudice.

## IV.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Dismiss (Docket No. 6) is GRANTED.

DATED this 28th day of November, 2016.

BY THE COURT:

Ted Stewart
United States District Judge

---

[32] *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).